IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNION ELECTRIC COMPANY,<br>d/b/a AMEREN MISSOURI,<br>a Missouri corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES L. JOLEY,<br><br>    Defendant. | Case No. 2:25-cv-4008-MDH |

## ORDER

Before the Court is Ameren Missouri's Motion for Default Judgment. (Doc. 23) for judgment against Defendant for Ameren Missouri's expenses incurred in relation to the permanent injunction entered by this Court. (Doc. 22). On November 6, 2025, the Court ordered Defendant Joley to file suggestions in opposition/response to this motion within 10 days. (Doc. 24). To this date, no filing has been received from Defendant. Thus, the Court will now rule on the Motion without Defendant Joley's input. For the reasons stated herein, the Motion is **GRANTED** in part and **DENIED** in part.

## DISCUSSION

On July 2, 2025, the Court found Joley in default and, after hearing evidence from Ameren Missouri, entered its Order Granting Permanent Injunction. (Doc. 22). The Order authorized Ameren Missouri to tow Joley's boat dock from its location and secure it at 6000 Baydy Peak Road, Osage Beach, Missouri, and ordered Joley to remove his breakwater and boat dock, including all debris associated with the structures, from the water and shoreline of the Lake of the Ozarks within thirty (30) days.

In the event that Joley failed to complete the removal of his breakwater and boat dock, the Order permitted Ameren Missouri to have Joley's breakwater and dock and all associated debris removed from the water and shoreline of the Lake of the Ozarks, and to dispose of said structures and debris or, if practicable, to repair and sell any portions of said structures, at Ameren Missouri's discretion.

The Order provided that Ameren Missouri "may submit for the Court's consideration its already-incurred costs recited above, together with the costs of removal, along with supporting documentation, and request that the same be entered as a money judgment against defendant, after crediting defendant with the net proceeds of any sale." (Doc. 22).

Exhibit 2 to the Motion for Entry of Judgment (Doc. 23-3) is a copy of correspondence sent to Defendant Joley by Ameren Missouri's Shoreline Management Office informing him of the assessment of enforcement fees for violations of the terms and conditions of permits issues to him by Ameren Missouri. On July 8, 2024, Ameren Missouri notified Joley that it would levy a $4,000.00 enforcement fee ($2,000.00 for Joley's dock and $2,000.00 for his breakwater) if Joley's violations of Ameren Missouri's permit conditions were not resolved by August 8, 2024. The violations were never resolved. Ameren Missouri now seeks to be awarded those fees pursuant to the July 2, 2025, Order. (Doc. 22).

The Court will not award the $4,000 enforcement fee in this entry of judgment. The Order was limited to "already-incurred costs cited in the order and costs of removal." The enforcement fee was not cited in the July 2, 2025, order, and the Court does not consider it a cost of removal.

As for the other costs requested (Doc. 23-¶6 a, c, d, e, f, and g), those are granted. The Court finds those were appropriately "costs of removal." This Court awards $29,719.35 ($33,719.35-$4,000) for costs of removal to Ameren Missouri.

## **CONCLUSION**

For the reasons stated herein, the Court enters a judgment in favor of Ameren Missouri in the amount of $29,719.35 for costs of removal pursuant to the July 2, 2025, Order.

**IT IS SO ORDERED**.

DATED: December 2, 2025

>*/s/ Douglas Harpool*
>**DOUGLAS HARPOOL**
>**UNITED STATES DISTRICT JUDGE**